GOOD MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ART BRASS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

METAL CRAFTERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19840–19842, 34244. Promulgated February 25, 1929.

*Henry Brach, C. P. A.,* for the petitioners.
*P. M. Clark, Esq.,* and *C. C. Holmes, Esq.,* for the respondent.

586

OPINION.

LANSDON: It is first necessary to dispose of the estoppel issues raised by the petitioner. We are of the opinion that the Commissioner had authority to assert the deficiencies here in controversy for the year 1920 on the basis of affiliation. Our views of this contention have been fully set forth in several of our previous decisions and require no further discussion here. *James Couzens*, 11 B. T. A. 1040; *Sweets Company of America*, 12 B. T. A. 1285. Cf. *Chalmers Publishing Co.*, 1 B. T. A. 629; *Dallas Brass & Copper Co.*, 3 B. T. A. 856; *Warner Sugar Refining Co.*, 4 B. T. A. 5; *First National Bank of Plattsburg, Mo.*, 4 B. T. A. 478.

The petitioner admitted at the hearing that the Good Company and Art Brass were affiliated in 1920. It remains, then, on this issue, only to determine whether Art Brass and Metal Crafters were affiliated in that year. The evidence discloses that in such year Art Brass owned 88 per cent of the stock of Metal Crafters and that of the remaining 12 per cent 10 per cent was the property of the superintendent of the latter company and 2 per cent was owned by his son. The minority shareholders voted their own stock and, at all times within the years in question, were in harmony with the majority. Metal Crafters was sole agent for Art Brass and all the stockholders of Art Brass, including the minority, were equally interested in profits resulting from such sales. The interests of the majority and the minority stockholders were identical. On the facts we are of the opinion that the petitioner has failed to show that the Commissioner erroneously held that the three corporations were affiliated in 1920. Cf. *Rowe Transfer & Coal Co.*, 1 B. T. A. 593.

The evidence is clear that in 1924 more than 90 per cent of the stock of the Good Company and Art Brass was owned or controlled by the same interests, but under the Revenue Act of 1924 this was not enough. The provisions therein applicable here are as follows:

Sec. 240. (c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests.

The findings of fact, above, show that there was no period in the year 1924 when as much as 95 per cent of the stock of the Good Company and Art Brass was owned by the same interests. It is true that there was a provision for potential control of the small minority interest by the majority, but the Act of 1924 disregards control and bases the right to affiliation solely on the element of ownership. On this point we sustain the determination of the Commissioner.

The Good Company issued preferred stock in the year 1920 as and when set forth in our findings of fact. The Commissioner included no part of such stock in his computation of the invested capital of the affiliated corporations for such year. The president of the company testified that, " It [the preferred stock] was paid for by charging against the credits which were on the accounts due A. F. Riegger and C. Riegger." The respondent adduced no evidence in rebuttal but argues in his brief that the omission of this item in the computation of the petitioners' invested capital was based on the fact that there is no proof of the date at which such credits were made to the accounts of the Rieggers. The Good Company owed the Rieggers amounts at least equal to the par value of the preferred stock issued to them and it is of no importance whether those debts had been running one day or one year or more. The transaction converted borrowed funds into capital at risk in the business. The amounts of preferred stock issued on October 1 and November 1, 1920, properly prorated, should be included in the computation of the invested capital of the affiliated corporation for the year 1920.

*Decision will be entered under Rule 50.*